**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-60546
(Summary Calendar)
_____

JAMES M. LYLE, IV, et al.

                                       Plaintiffs

JAMES M. LYLE, IV

                                       Plaintiff-Appellant,

versus

EDDIE LUCAS, Commissioner,
Mississippi Department of Corrections

                                       Defendant-Appellee.

_____

Appeal from United States District Court
for the Southern District of Mississippi
(3:94CV179BS)
_____

July 15, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

    James M. Lyle, IV, and nine other prisoners originally housed in the Central Mississippi Correctional Facility (CMCF) filed a civil rights complaint under 42 U.S.C. § 1983 against Eddie Lucas, Commissioner of the Mississippi Department of Corrections. (MDOC). The plaintiffs assert

---

  [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

that the district court denied them the right to cross-examine the defendant and his witnesses by granting the defendant's Fed. R. Civ. P. 52(c) motion at the end of their case-in-chief at the non-jury trial. The plaintiffs also assert that although they were allowed to testify, the magistrate judge allowed them to present only one other witness, not the three additional witnesses that they wished to call. As the plaintiffs have not shown that any relevant evidence supporting their allegations was excluded, the argument concerning the procedural aspect of granting the Rule 52(c) motion after the case-in-chief has no merit.

The plaintiffs contend that the district court erred in its application of *Sandin v. Conner*, 515 U.S. __, 132, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) to their complaint. The district court did not err in concluding that the temporary denial of privileges given to other inmates in other prisons or other sections of the same prison is not an atypical or significant hardship, and that the plaintiffs did not have a protected liberty interest in being transferred to other prisons within 10 to 14 days of arriving at CMCF. *See Sandin*, 132 L. Ed. 2d at 429-30, 115 S. Ct. at 2297, 2300; *Pichardo v. Kinker*, 73 F.3d 612, 613 (confining prisoner to segregation for gang membership not violative of due process)(5th Cir. 1996).

The plaintiffs have not connected defendant Lucas to any alleged constitutional violation resulting from their incarceration at CMCF. They merely argue that Lucas knew that prisoners were being detained at CMCF for long periods pending transfer to other MDOC institutions. Thus, the plaintiffs have identified no clear error in the district court's finding that there was no evidence of Lucas's personal involvement in any alleged constitutional violation. *Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979).

Lyle, for the first time on appeal, asserts that the district court did not address his claims of harassment and retaliation resulting from filing this case. As Lyle has not shown any error, much less plain error, in the district court's failure to address an issue not part of the lawsuit before it, this court need not review this issue. *See Douglass v. United Servs. Auto. Ass'n*, No. 95-50007, 1996 WL 140173 at *11-13 (5th Cir. Mar. 28, 1996)(en banc).

AFFIRMED